UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ALLEN L. WISDOM,<br><br>    Debtor, | Case No. 1:17-cv-00254-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| ALLEN L. WISDOM<br><br>    Appellant,<br><br>      v.<br><br>JEREMY J. GUGINO,<br><br>    Appellee. | |

## I. INTRODUCTION

This matter comes before the Court on Debtor-Appellant Allen L. Wisdom's appeal from the United States Bankruptcy Court for the District of Idaho. The appeal is fully briefed and ripe for the Court's review. Having fully reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides this appeal without oral argument. For the reasons set forth below, the Court hereby AFFIRMS the Bankruptcy Court.

## II. BACKGROUND

On April 19, 2011, Wisdom filed for chapter 7 bankruptcy in the District of Idaho. Case No. 1:11-bk-01135-JDP.[1] Judge Jim D. Pappas was assigned the case. *Id.* Among other things, Wisdom claimed an exemption in his life insurance policies. On May 24, 2011, Appellee Jeremy J. Gugino, acting as a chapter 7 trustee, objected to this exemption. *Id.*, Dkt. 23.[2] On June 29, 2011, Judge Pappas ruled that the Bankruptcy Court would not permit Wisdom to claim an exemption in his life insurance policies. *Id.*, Dkt. 28.

On June 5, 2012, Gugino filed his Final Report in Wisdom's bankruptcy case.[3] *Id.*, Dkt. 144. Shortly thereafter, Wisdom objected to the Final Report arguing, in part, that

---

[1] "A chapter 7 bankruptcy case does not involve the filing of a plan of repayment as in chapter 13. Instead, the bankruptcy trustee gathers and sells the debtor's nonexempt assets and uses the proceeds of such assets to pay holders of claims (creditors) in accordance with the provisions of the Bankruptcy Code. Part of the debtor's property may be subject to liens and mortgages that pledge the property to other creditors. In addition, the Bankruptcy Code will allow the debtor to keep certain 'exempt' property; but a trustee will liquidate the debtor's remaining assets." U.S. Courts, *Chapter 7—Bankruptcy Basics*, http://www.uscourts.gov/services-forms/bankruptcy/bankruptcy-basics/chapter-7-bankruptcy-basics.

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the filings on the following dockets in the United States Bankruptcy Court for the District of Idaho: Case No. 1:11-bk-01135-JDP, Case No. 1:13-ap-06045-TLM. The Court also takes judicial notice of the filing on the following dockets in the United States District Court for the District of Idaho: Case No. 1:12-cv-530-BLW, Case No. 1:14-cv-497-EJL, Case No. 1:16-cv-251-EJL.

[3] When a chapter 7 case with assets is closed, the trustee files a final report that accounts for the disposition of assets, as well as the distribution of funds to creditors and to administrative expenses. *In re Leonis*, No. 1:12-BK-15487, 2017 WL 2492528, at *4 (B.A.P. 9th Cir. June 8, 2017) ("One of the trustee's duties under [11 U.S.C.] § 704(9) is to file a final report and a final account of the administration of the estate with the bankruptcy court. The purpose of the final report and account, and the hearings in connection with an objection from the U.S. Trustee or a party in interest, is to determine whether a given estate has been fully administered and whether fees and expenses should be allowed to the chapter 7 trustee.").

Gugino employed fraud to liquidate the life insurance policies in violation of his fiduciary duties and that Gugino improperly used the Court's appointment authority to fraudulently liquidate exempt assets. *Id.*, Dkt. 150. On September 11, 2012, Judge Pappas issued a memorandum decision approving Gugino's Final Report and rejecting Wisdom's arguments. *Id.*, Dkt. 156. Wisdom then appealed to the District of Idaho. Case No. 1:12-cv-530-BLW. Chief District Court Judge B. Lynn Winmill affirmed Judge Pappas's decision on April 18, 2013. *Id.*, Dkt. 13. The Ninth Circuit Court of Appeals would eventually affirm Judge Pappas and Judge Winmill on May 11, 2016. *Id.*, Dkt. 21.

Meanwhile, in December of 2013, Wisdom filed an adversary proceeding[4] against Gugino, Francis Stern and Anthony Pantera (attorneys), New York Life Insurance Company, and Doe Surety. Case No. 1:13-ap-06045-TLM. Wisdom's claims in the adversary proceeding related to Wisdom's underlying bankruptcy case. Judge Pappas was originally assigned to the case. *Id.* However, Judge Pappas sua sponte recused himself on February 5, 2014.[5] *Id.*, Dkt. 19. Chief Bankruptcy Judge Terry L. Myers was then assigned to the case.

At a status conference on March 24, 2014, Wisdom made an oral motion to have Judge Myers recuse himself. *Id.*, Dkt. 24. Judge Myers gave the parties an opportunity to brief the motion. *Id.* Wisdom argued that Judge Myers should recuse himself because

---

[4] "Adversary proceedings are a species of contested matters governed by Part VII of the Bankruptcy Rules. A matter qualifies as an 'adversary proceeding,' as opposed to a 'contested matter,' if it is included in the list given in Bankruptcy Rule 7001." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011).

[5] Apparently, Judge Pappas recused himself because his daughter-in-law is Joshua Evett's personal assistant. Evett is an attorney for Elam & Burke and Gugino's counsel.

Gugino was Judge Myers's term law clerk seven years prior, and, therefore, Judge Myers had a conflict of interest. *Id.*, Dkt. 39. Wisdom also asserted that Gugino never had the authority to take any official acts as a chapter 7 trustee because he never filed a bond with the court as required by 11 U.S.C. § 322(a). *Id.*

Judge Myers denied the recusal motion in a detailed opinion and concluded that Wisdom's arguments as to Gugino's authority to act as chapter 7 trustee had no bearing on the recusal motion. *Id.*, Dkt. 59, 60. Wisdom then filed a motion for leave to appeal Judge Myers's decision. *Id.*, Dkt. 62. On December 10, 2014, Judge Winmill denied that motion, noting that there was nothing in the record that suggested Judge Myers was required to recuse himself. Case No. 1:14-cv-279-BLW, Dkt. 8. Wisdom appealed Judge Winmill's decision to the Ninth Circuit. Case No. 15-35013. On March 26, 2015, the Ninth Circuit summarily affirmed. *Id.*, Dkt. 14.

While the adversary proceeding was ongoing, the bankruptcy case continued to advance. On June 3, 2014, Wisdom filed a Motion asking the Court to order Gugino to turnover funds Gugino had allegedly obtained by fraud, i.e., the life insurance policies ("the first turnover motion"). Case No. 11-bk-1135, Dkt. 199. On June 23, 2014, before ruling on the pending motion, Judge Pappas recused himself from any further proceedings concerning Debtor's first turnover motion for the same reason he recused himself in the adversary proceeding. *Id.*, Dkt. 203. When Judge Myers was assigned to the case, Wisdom filed another motion to have Judge Myers recuse himself. *Id.*, Dkt. 214. On September 26, 2014, Judge Myers denied the recusal motion and the first turnover motion. *Id.*, Dkt. 217. Judge Myers noted that the recusal motion was identical to the

recusal motion Wisdom filed in the adversary proceeding—which he had already denied and Wisdom had appealed. He also noted that the turnover motion echoed the arguments made in Wisdom's objection to the Trustee's Final Report—arguments that Judge Pappas had previously rejected and were then on appeal.

In October of 2014, Wisdom appealed Judge Myers's decision in the bankruptcy case denying the recusal motion and the turnover motion. *Id.*, Dkt. 220. The appeal went to the District Court and Judge Edward J. Lodge was assigned the case. Case No. 1:14-cv-497-EJL. On appeal, Wisdom argued that Judge Lodge should recuse himself from the case because he "has a stake in the outcome of th[e] appeal" and was participating in a "systematic fraud that has prevailed in the District of Idaho Chapter 7 bankruptcy system." *Id.*, Dkt. 4. Judge Lodge declined to recuse himself and affirmed Judge Myers's decision on the recusal motion. *Id.*, Dkt. 10. However, he dismissed the appeal on the first turnover motion, without prejudice, because "the arguments raised in th[e] appeal concerning the Turnover Motion [were] the same as those pending on appeal in the matter before the Ninth Circuit." *Id.* at 9-10.

In August of 2015, Gugino moved for summary judgment in the adversary proceeding. Case No. 1:13-ap-6045, Dkt. 117. Judge Myers granted this motion in March of 2016. *Id.*, Dkt. 160. In May of 2016, Wisdom appealed this decision. *Id.*, Dkt. 166. The appeal went to the District Court and was assigned to Judge Lodge. Case No. 1:16-cv-251-EJL. Wisdom again moved to have Judge Lodge recuse himself. Judge Lodge denied this motion and affirmed the grant of summary judgment in March of 2017. *Id.*,

Dkt. 12. Wisdom has appealed this decision to the Ninth Circuit. *Id.*, Dkt. 15. This appeal is currently pending.

Meanwhile, in May of 2016, the Ninth Circuit issued its decision affirming Judge Pappas's approval of Gugino's Final Report in the bankruptcy case. Despite the Ninth Circuit's affirmance, Wisdom filed another turnover motion that challenged Gugino's liquidation of the life insurance policies ("the second turnover motion"). Case No. 1:11-bk-1135, Dkt. 241. Judge Pappas reviewed the motion and "conclude[d] that the allegations of, and the relief requested in, the [second turnover motion] potentially raised issues of fact and law closely related to the matters previously brought before the Court for resolution in connection with Debtor's Motion for Order to Turn Over Estate Funds to Debtor Obtained by Fraud and Surcharge Trustee." *Id.*, Dkt. 245. As Judge Pappas had recused himself from considering this first turnover motion, Judge Pappas also recused himself from considering the second turnover motion. *Id.*

After Wisdom filed a request that the Bankruptcy Court appoint a new judge to hear the pending motion, the Court assigned Judge Myers to the case. *Id.*, Dkt. 249. Wisdom again moved for Judge Myers to recuse himself. *Id.*, Dkt. 251. Judge Myers again denied the recusal motion. *Id.*, Dkts. 253, 254. Then, on April 17, 2017, Judge Myers denied the second turnover motion. *Id.*, Dkt. 281. Wisdom appealed this denial and the denial of the recusal motion. *Id.* at 285. The appeal went to the District of Idaho and Judge Winmill was assigned the case. Case No. 1:17-cv-254-DCN. Judge Winmill then transferred the appeal to the undersigned on August 2, 2017. *Id.*, Dkt. 6. This is the appeal that is currently before the Court.

## III. STANDARD OF REVIEW

District courts review bankruptcy court decisions in the same manner as would the Ninth Circuit. *See George v. City of Morro Bay (In re George)*, 177 F.3d 885, 887 (9th Cir. 1999). Thus, the Court reviews the bankruptcy court's conclusions of law de novo and the bankruptcy court's factual findings for clear error. *Id.*

The Court reviews a bankruptcy court's denial of a motion to recuse for an abuse of discretion. *Hale v. United States Trustee* (*In re Basham*), 208 B.R. 926, 930 (B.A.P. 9th Cir. 1997). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *Computer Task Grp., Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003).

## IV. ANALYSIS

Wisdom raises several issues in his appeal. First, he asserts that this Court is not impartial and recusal is required. He also argues Judge Myers erred in (1) denying his motion to recuse; (2) allowing Elam & Burke to appear as Gugino's legal counsel; and (3) denying his second turnover motion. The Court addresses each argument in turn.

### A. Motion to Recuse This Court

Wisdom first argues that "[t]he District of Idaho is conflicted and should be recused." Dkt. 8, at 9. He asks that his appeal "be heard by a non-conflicted and independent judge from outside of the District of Idaho." *Id.* Gugino responds by asserting this "'preliminary issue' was not an issue raised in the underlying proceeding or in a separate motion and is therefore not an issue that should be addressed in this appeal."

Dkt. 11, at 16. Regardless, Gugino also argues there is no merit to the issue nor any basis upon which this Court must recuse itself. *Id.* at 17.

Generally, "in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citation omitted). Motions to recuse are governed by 28 U.S.C. § 455 which provides, in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Recusal may be justified either by actual bias or the appearance of bias/impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). Section 455(a) disqualification motions are analyzed under an objective test: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted). In other words, "[s]ection 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Id.* The Ninth Circuit has clarified that "[t]he 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.*

Wisdom argues this Court should recuse itself because the Bankruptcy Court for the District of Idaho has perpetrated a fraud since December 2002, and, the "district Court has taken affirmative and extraordinary actions to cover-up the fraud." Dkt. 8, at 10. Further, "because of its supervisory obligations," Wisdom argues, the District Court in general "has a stake in the outcome of this appeal." *Id.*

This Court has considered Wisdom's arguments concerning any potential bias, either actual or the appearance of the same, and has concluded that neither bias exists. Wisdom has presented no evidence of an ongoing fraud perpetrated by the Bankruptcy Court and supported by the District Court. Without this evidence, Wisdom's arguments fail, because "'[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters' do not form the basis of a successful recusal motion." *Sivak v. Hardison*, 658 F.3d 898, 926 (9th Cir. 2011). Moreover, even if this allegation of fraud were taken as true, Wisdom has failed to explain how the Court is actually biased or appears to be biased considering the undersigned just recently joined the federal bench and there is no allegation that the undersigned has participated in or previously had any knowledge of this alleged ongoing fraud. Finally, "this Court's own examination of its conscience reveals a lack of any actual or apparent bias either in favor or against the Trustee and/or Mr. Wisdom." *In re Wisdom*, No. 1:14-CV-00497-EJL, 2015 WL 2371489, at *3 (D. Idaho May 18, 2015). In sum, there is no "legitimate reason" for this Court to recuse itself and, therefore, this Court must participate in this case as assigned. *See Holland*, 519 F.3d at 912.

*B. Motion to have Judge Myers Recuse Himself*

Wisdom next argues Judges Myers erred by denying his recusal motion. At this point, Judge Myers has issued multiple detailed and thoughtful decisions, in the underlying bankruptcy case and in the related adversary proceeding, on nearly identical recusal motions. These decisions have been appealed and affirmed. Like in these prior appeals, this Court finds no grounds upon which to find Judge Myers abused his discretion in denying the latest recusal motion. The legal standard governing recusal motions is cited in the previous section. Judge Myers correctly cited and applied this standard below. In addition, the Court cannot conclude that Judge Myers based his "decision on a clearly erroneous finding of a material fact." *See Brotby*, 303 B.R. at 184. Judge Myers fairly concluded that he was not actually biased against Wisdom and that a reasonable person would not question his impartiality. Most significantly, there is no evidence that Judge Myers, or any other judge on the Bankruptcy Court or the District Court, is supporting an ongoing fraud and there is no indication in the record that Judge Myers has, in this case or in past cases, favored or "protected Trustee Gugino from adverse consequences of his fraudulent activities." Dkt. 8, at 22. The Court hereby incorporates Judge Myers's reasoning in his previous decisions addressing recusal by reference. Case No. 1:13-ap-6045-TLM, Dkt. 59; Case No. 1:11-bk-1135, Dkts. 217, 253. Because this issue has already been addressed numerous times, and Wisdom has failed to present new evidence showing bias or the appearance of bias, further explanation is not necessary.

*C. Allowing Elam & Burke to Appear as Gugino's Legal Counsel*

Wisdom next argues that the Bankruptcy Court erred in allowing Elam & Burke to file pleadings in the bankruptcy case. The record shows that Elam & Burke first appeared as counsel for Gugino in the adversary proceeding when the firm filed an answer to Wisdom's complaint on January 2, 2014. Case No. 1:13-6045-TLM, Dkt. 11. Then, on June 20, 2014, Elam & Burke appeared in the bankruptcy case when it filed an objection to Wisdom's first turnover motion on behalf of Gugino. Case No. 1:11-bk-1135, Dkt. 202. In a footnote, counsel noted that Elam & Burke represented Gugino in the adversary proceeding and that it appeared in the bankruptcy "for the limited purpose of opposing Debtor's [turnover] Motion" because "Gugino's interest in the adversary proceeding are potentially affected by the [turnover] Motion." *Id.* at 1.

Judge Myers addressed Wisdom's arguments below by concluding that Gugino's "use of personal counsel not compensated by the bankruptcy estate is [not] improper." Dkt. 9-14, at 8. In other words, Judge Myers addressed whether it was proper for Gugino to have his own personal counsel appear without the Court's approval under 11 U.S.C. § 327.

On appeal, Wisdom does not challenge Judge Myers's conclusion regarding the application of 11 U.S.C. § 327. Rather, he argues Judge Myers addressed the wrong argument. Wisdom maintains the issue is "the fact [Elam & Burke] made no appearance in the Case before filing pleadings." Dkt. 8, at 31. Federal Rule of Bankruptcy Procedure 9010(b) provides: "An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number,

unless the attorney's appearance is otherwise noted in the record." Elam & Burke did not file a formal "notice of appearance" in the bankruptcy case. Therefore, the Court must determine whether Elam & Burke's appearance in the bankruptcy case "is otherwise noted in the record."

Very few courts have taken up the question of what this clause means. *See In re Frost*, No. 98-03248, 2000 WL 33712210, at *2 (Bankr. D. Idaho Aug. 29, 2000) (looking to "cases from outside this jurisdiction for guidance" because "[n]o court within the Ninth Circuit has addressed Rule 9010(b), nor do the Local Bankruptcy Rules specify what constitutes an appearance 'otherwise noted in the record'"). The Court finds *In re Birdneck Apartment Associates, II, L.P.*, 152 B.R. 65, 68, n. 6 (Bankr. E.D. Va. 1993), instructive. The Court in that case found a creditor's attorney's appearance was "otherwise noted in the record" where the attorney had made several appearances in the record, and the debtor had actual knowledge of the creditor's representation by counsel. *Id.* (also finding persuasive attorney's argument that it was "standard practice not to file a formal document entitled 'Notice of Appearance' when opposing counsel is local"). Similarly here, Elam & Burke have made multiple appearance in the bankruptcy record by filing documents and appearing at hearings. Further, Wisdom has not argued, nor could he plausibly argue, that he was not on notice that Elam & Burke was representing Gugino. Accordingly, the Court finds Elam & Burke's appearance was otherwise noted in the record.

The Court also rejects Wisdom's arguments to the extent he argues Elam & Burke's appearance "constitutes obstruction"—because the appearance caused Judge

Pappas to recuse himself and resulted in Judge Myers (whom Wisdom believes is biased against him) appearing in the bankruptcy case. Civil litigants generally have a right to be represented by counsel of choice. *See Hart v. Gaioni*, 261 F. App'x 66, 67 (9th Cir. 2007). As articulated before, there is no evidence that Judge Myers is bias against Wisdom, or even appears biased. Further, there is no evidence that Gugino purposefully hired Elam & Burke to represent him in order to have Judge Myers preside over this case. Rather, the record only indicates that Gugino was simply exercising his right to be represented by his counsel of choice.

In sum, the Bankruptcy Court did not err in allowing Elam & Burke to appear as Gugino's legal counsel.

### D. Denial of the Second Turnover Motion

Next, Wisdom complains that Judge Myers erred in denying his second turnover motion. In particular, he takes issue with Judge Myers "refus[al] to address the merits" of the second turnover motion. Judge Myers concluded that all of Wisdom's arguments had previously been addressed and could not be reconsidered. Wisdom, in response, asserts that the arguments raised in the second turnover motion have not previously been addressed by the Bankruptcy Court or any other courts. Specifically, Wisdom asserts Judge Myers should have addressed (1) whether Gugino properly liquidated certain life insurance policies; (2) whether Gugino had legal authority to take any official actions in the bankruptcy case because he never filed the bond required 11 U.S.C. § 322(a); and (3) whether Gugino actually received a legal appoint as trustee from the United States Trustee.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (citation omitted). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Id.* "The doctrine is grounded in the need for litigation to come to an end. 'An appellate court cannot efficiently perform its duty to provide expeditious justice to all if a question once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal." *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997) (internal quotation marks and citation omitted). In the usual situation, the law of the case doctrine applies only within the same case; however, the Ninth Circuit has made clear that Courts can apply the doctrine across closely related cases. *Id.* at 1266–67.

The Court finds Wisdom's argument have previously been rule on and this Court cannot reconsider them under the law of the case doctrine. First, Judge Pappas considered whether Gugino properly liquidated certain life insurance policies in considering Wisdom's objections to the Trustee's Final Report. Case No. 1:11-bk-1135, Dkt. 156. Judge Winmill affirmed that ruling, Case No. 1:12-cv-530-BLW, Dkt. 13, and the Ninth Circuit affirmed both Judge Pappas and Judge Winmill. Because both this Court and a higher Court have explicitly ruled on this issue, this Court is precluded from reconsidering the issue.

Second, in the adversary proceeding, on a motion for summary judgment, Judge Myers fully and carefully considered whether Gugino had authority to act as Trustee in

the bankruptcy case. Judge Myers considered whether the United States Trustee had

properly appointed Gugino and whether Gugino had filed the bond required by law.

Judge Myers found Gugino had the proper authority under the *de facto* trustee doctrine.

Case No. 1:13-ap-6045-TLM, Dkt. 160. Judge Lodge then affirmed this decision. Case

No. 1:16-cv-251-EJL, Dkt. 12. Because this Court has already ruled on these arguments,

the Court is precluded from reconsidering them.

Nevertheless, Wisdom argues that (1) there is no "relationship" between his

objections to the Trustee's Final Report and the turnover motions and (2) the Bankruptcy

Court cannot decide an issue in the bankruptcy case based on a ruling in the adversary

proceeding. Neither of these arguments are successful. First, Wisdom misunderstands the

law of the case doctrine. There is a relationship between the objections to the Trustee's

Final Report and the turnover motions because Wisdom raised the same exact issues and

arguments in both. Once the issues and arguments were settled, the Court could not

revisit them. Wisdom does not get a second bite at the apple by simply filing a different

type of motion. Second, the Bankruptcy Court properly found that rulings in the

adversary proceeding were binding in the bankruptcy case. As stated above, the Ninth

Circuit has applied the law of the case doctrine in closely-related cases. 121 F.3d at 1266.

"From a realistic standpoint, the [adversary proceeding] is so closely related as to be

considered properly part of the [bankruptcy case] for purposes of application of the law

of the case principles. *See DC Comics v. Pac. Pictures Corp.*, No.

CV1003633ODWRZX, 2011 WL 13124038, at *2 (C.D. Cal. Apr. 11, 2011). Both cases

involve the same parties and have taken up many of the same exact legal and factual

issues. Therefore, the Court finds the law of the case doctrine applies across these two cases.

Because the law of the case doctrine prevents the Court from reconsidering Wisdom's arguments, the Court must affirm Judge Myers's ruling below.

## V. ORDER

IT IS HEREBY ORDERED as follows:

1. The Appellant's Request for Recusal of this Court is DENIED.

2. The Bankruptcy Court's decision denying the Motion to Recuse is AFFIRMED.

3. The Bankruptcy Court's decision denying Appellant's Renewed Motion for Order to Turnover Funds to Debtor is AFFIRMED.

4. The Appellant's unopposed Motion to Strike Appellee's Supplemental Designations of Record on Appeal (Dkt. 4) is GRANTED.[6]

DATED: December 20, 2017

David C. Nye
U.S. District Court Judge

___

[6] As the Motion to Strike is unopposed and does not affect the outcome of this appeal, the Court finds further explanation is not necessary.