UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ALLEN L. WISDOM,<br><br>　　　Debtor,<br><br>ALLEN L. WISDOM<br><br>　　　Appellant,<br><br>　　　v.<br><br>JEREMY J. GUGINO,<br><br>　　　Appellee. | Case No. 1:17-cv-00254-DCN<br><br>**ORDER RE: MOTION FOR ATTORNEY FEES** |

# I. INTRODUCTION

Pending before the Court is Appellee Jeremy J. Gugino's Motion For Award of Attorney Fees. Dkt. 14. The Motion is fully briefed and ripe for the Court's review. Having fully reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides this Motion without oral argument. For the reasons set forth below, the Court GRANTS the Motion IN PART, and DENIES the Motion IN PART.

## II. BACKGROUND

On December 20, 2017, the Court entered a Memorandum Decision and Order affirming the Bankruptcy Court's decision (1) denying Appellant Allen Wisdom's Motion to Recuse and (2) denying Wisdom's Renewed Motion for Order to Turnover Funds to Debtor.[1] Dkt. 13. Therein, the Court provided an extensive description of the history of this case, and several related cases. *Id.* The Court incorporates that background by reference here.

## III. STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8020(a) provides that a district court "may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee" if the court "determines that an appeal is frivolous." "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990) (citation omitted). Attorney fees under Rule 8020(a) may also be "warranted where the overwhelming weight of precedent was against appellant's position, where appellant could set forth no facts to support its position, or where, in short, there simply was no legitimate basis for pursuing an appeal.'" *In re Benham*, 220 F.Supp.3d 1033, 1044 (C.D. Cal. 2016). "[A] finding of bad faith is not necessary to impose sanctions" for filing a frivolous appeal. *United States v. Nelson (In re Becraft)*, 885 F.2d 547, 549 (9th Cir. 1989).

---

[1] The Court also denied Appellant's Request for Recusal of this Court and granted Appellant's Motion to Strike Appellee's Supplemental Designations of Record. Dkt. 13.

# IV. ANALYSIS

Gugino has requested $12,249.50 in attorneys' fees. The Court has some concern about whether this figure is just based on Wisdom's status. Wisdom initially appeared with counsel in the original bankruptcy case. *See* Case No. 1:11-bk-01135. However, on December 30, 2011, Wisdom notified the Bankruptcy Court that he would be proceeding pro se. *Id.* at Dkt. 74. Wisdom has proceeded without an attorney since that time in all of his appeals and related cases, *see* Case Nos. 1:12-cv-530-BLW (D. Idaho); 1:13-ap-06045-TLM (Bank. D. Idaho); 1:14-cv-279-BLW (D. Idaho); 15-35013 (9th Cir.); 1:14-cv-497-EJL (D. Idaho); 1:16-cv-251-EJL (D. Idaho); except when the Ninth Circuit sua sponte appointed Wisdom pro bono counsel, *see* Case Nos. 13-35409 (9th Cir.); 17-35339 (9th Cir.). The Court is concerned that Wisdom cannot afford to pay the requested attorney fees if he also cannot afford counsel and recently went through bankruptcy proceedings. However, the Court notes Wisdom's current financial status is not clear from the record.

While this is of some concern to the Court, the Ninth Circuit has made clear that while "a court can properly consider [a litigant's] ability to pay monetary sanctions as one factor in assessing sanctions," the court cannot "decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding pro se." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The Ninth Circuit has explained that "[a] contrary conclusion would effectively place all unrepresented parties beyond the reach of" any rule or statute permitting sanctions." *Id.* Thus, the Court must look past its concerns. Nevertheless, the Court acknowledges that "what is objectively reasonable for

a pro se litigant and for an attorney may not be the same." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989). With these principals in mind, the Court turns to the question of whether Wisdom's appeal was frivolous.

As noted in the Court's previous decision, Wisdom argued on appeal that the Bankruptcy Judge Terry Myers erred below in (1) denying his motion to recuse; (2) allowing Elam & Burke to appear as Gugino's legal counsel; and (3) denying his second turnover motion. The Court addresses each argument in turn.

As to the first argument, prior to this appeal, Judge Myers had already issued multiple detailed and thoughtful decisions resolving the issues raised in Wisdom's motion to recuse. Wisdom appealed these decisions and they were affirmed. In light of these multiple decisions and appeals addressing and resolving the request to recuse, the Court finds the first issue raised in this appeal was frivolous. The Court notes that not only has this issue been addressed multiple times, but this Court has previously found Wisdom's earlier appeal of this issue constituted a frivolous appeal warranting an award of attorney fees. *See* Case No. 1:16-cv-251-EJL, Dkt. 22, at 7.

Whether Wisdom's second argument—that Judge Myers erred in allowing Elam & Burke to file pleadings in the bankruptcy case—is frivolous is not as clear cut. Federal Rule of Bankruptcy Procedure 9010(b) provides: "An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record." Elam & Burke did not file a formal "notice of appearance" in the bankruptcy case, so the Court had to determine whether Elam & Burke's appearance was "otherwise

noted in the record." The Court noted the dearth of case law addressing this exact issue and ultimately had to look outside of this District and the Ninth Circuit for guidance. In light of the lack of precedential case law, the Court finds this argument was not frivolous.

Finally, the Court finds Wisdom's third argument—that Judge Myers erred in denying his second turnover motion—was frivolous. The Court concluded in its earlier decision that the law of the case doctrine prevented it from reconsidering Wisdom's arguments. This result was obvious. This Court and the Ninth Circuit have explicitly ruled on the issues Wisdom raised. Accordingly, the Court finds Wisdom lacked any legitimate basis to raise this issue on appeal.

Based on the Court's finding that Wisdom's appeal contained both frivolous and non-frivolous claims, Gugino is entitled to a partial award of attorneys' fees. *See In re S. Cal. Sunbelt Developers, Inc.*, 412 Fed. App'x 990, 992 (9th Cir. 2011) (citing *Gaskell v. Weir*, 10 F.3d 626, 629–30 (9th Cir. 1993) ("Given that appellants raised both frivolous and nonfrivolous arguments, the district court properly awarded partial sanctions, requiring appellant to pay appellees' attorney's fees only with respect to the frivolous arguments.").

"The calculation of fees and costs under Rule 8020 is distinct from the analysis of reasonable fees and costs awarded to a 'prevailing party' by statute, in that damages must only be 'just.'" *In re S. Cal. Sunbelt Developer's Inc. v. S. Cal. Sunbelt Developers, Inc.*, 2009 WL 2138490, at *1 (C.D. Cal. Jul. 15, 2009) (quoting *Sun-Tek Industries, Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir.

1989)). "Additionally, the trial court must provide adequate explanation for the appellate court to review an award of fees and costs, but 'a brief explanation of how the court arrived at its figures will do.'" *Id.* (quoting *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988)).

"Fees 'are to be calculated according to the prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel.'" *Id.* at *2 (quoting *Blym v. Stenson*, 465 U.S. 886, 895 (1984)). "The burden is on the fee applicant to produce 'satisfactory evidence' of the relevant market rate." *Id.* "Additionally, the relevant community is defined as 'the forum in which the district court sits.'" *Id.* (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Gugino's request for attorney fees reflect an hourly rate of $155/hour for Jade C. Stacey and $175/hour for Joshua S. Evett. Dkt. 14-2. Wisdom does not argue that the hourly rates are unreasonable. Dkt. 18. The Court finds the claimed hourly rates are not excessive. *See Animal Legal Defense Fund v. Otter*, 2016 WL 2910266, at *2 (D. Idaho May 18, 2016) (The Court found that hourly fee rates between $175 and $400 were reasonable). In fact, the Court has previously found these rates were not excessive for the same exact attorneys in a related case. *Wisdom v. Gugino*, No. 1:15-cv-251-ELJ, Dkt. 22.

Gugino included a detailed billing of his attorneys' claimed hours spent on this appeal. Dkt. 14-2. Wisdom does not contest the hours charged by Appellees. Dkt. 18. The Court finds it is appropriate to award Gugino all the requested fees minus those spent dedicated to whether Judge Myers erred in allowing Elam & Burke to file pleadings in the bankruptcy case—the one non-frivolous issue raised in this appeal. *See S. Cal.*

ORDER RE: MOTION FOR ATTORNEY FEES – 6

*Sunbelt Developer's*, 2009 WL 2138490, at *2–3 (awarding appellee 63 percent of requested fees where 63 percent of appellant's brief was frivolous); *Wisdom v. Gugino*, No. 1:15-cv-251-ELJ, Dkt. 22, at 11–12 (reducing requested award by approximately 15 percent). However, Gugino only mentions this issue on one page of his 26 page answering brief. Wisdom spent considerably more time addressing this issue. His arguments on this issue comprise a little over six pages of his 54 page opening brief and approximately two pages of his 14 page reply brief. The Court finds it appropriate to consider the amount of space Wisdom dedicated to addressing this issue as a portion of Gugino's attorneys' time was spent "assess[ing] and analyz[ing]" the issues presented in Wisdom's briefs. Considering the briefs as a whole, the Court finds approximately ten percent of the briefs were dedicated to discussing this non-frivolous issue. Accordingly, the Court finds it appropriate to award Gugino 90 percent of the requested attorneys' fees, or $11,024.55.

## V. ORDER

IT IS HEREBY ORDERED as follows:

(1) Gugino's Motion for Attorney Fees (Dkt. 14) is GRANTED IN PART AND DENIED IN PART.
(2) The Court AWARDS Gugino $11,024.55 in attorneys' fees under Federal Rule of Bankruptcy Procedure 8020(a).

DATED: February 5, 2018

David C. Nye
U.S. District Court Judge